IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAANAPALI LAND, LLC,<br>OAHU SUGAR COMPANY, LLC,<br><br>Defendants. | Case No. 21-cv-00190-DKW-RT<br><br>**ORDER GRANTING MOTION TO ENTER CONSENT DECREE** |

Pending before the Court is Plaintiff United States of America's motion to enter consent decree (motion) in this action brought under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Dkt. No. 17. The motion is unopposed. *Id.* at 1; Dkt. No. 19. Having reviewed the motion, the record, and relevant case law, the motion is GRANTED as further explained below.

"To approve a consent decree under CERCLA, a district court must conclude that the agreement is procedurally and substantively fair, reasonable, and consistent with CERCLA's objectives." *United States v. Coeur d'Alenes Co.*, 767 F.3d 873, 876 (9th Cir. 2014) (quotation omitted).

Here, first, the settlement is procedurally fair, given that the unopposed record indicates that the negotiations between the parties were "lengthy, spanning more than a decade, and the parties were represented by experienced counsel and technical staff." Dkt. No. 17 at 12; *see United States v. Andruss Family Trust*, 2011 WL 1334391, at *2 (C.D. Cal. Apr. 7, 2011) (explaining that procedural fairness "requires that settlement negotiations take place at arm's length") (quotation omitted).

Second, in light of the specific circumstances of this case−in particular, the unopposed record evidencing Defendants' (or their subsidiaries') propensity to file for bankruptcy protection, insurance proceeds being the sole asset of Defendant Oahu Sugar Company, LLC, the competing claims to said insurance proceeds, and questions surrounding the identity of certain responsible parties−the Court finds the settlement to be substantively fair and reasonable. *See* Dkt. No. 17 at 2-4. Moreover, in light of the same considerations, it would be unhelpful to the Court to conduct a comparative fault analysis in this situation. *See Coeur d'Alenes*, 767 F.3d at 877 (concluding that a district court did not abuse its discretion in declining to conduct a comparative fault analysis where the effect of any such analysis would have been unclear).

Finally, under the specific circumstances of this case, the Court finds the settlement to be consistent with the objectives of CERCLA.  Those objectives include incentivizing settlement and accountability.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 971 (9th Cir. 2013); *Cal. Dep't of Toxic Substances Control v. Allen's Formal Wear, Inc.*, 2015 WL 12656903, at *4 (C.D. Cal. Aug. 10, 2015) (citing *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 91 (1st Cir. 1990)).  The settlement here accomplishes these objectives and allows the government to bring financial resources to bear from Defendants for environmental cleanup.[1]

---

[1] In addition, in light of the specific circumstances of this case, the Court also finds the covenant not to sue contained in the parties' settlement to be consistent with CERCLA.  First, extraordinary circumstances exist here under Section 9622(f)(6)(B) of Title 42, given the risk that the government may be unable to recoup any money from Defendants in the future and the Department of the Navy's responsibility for cleaning up the site at issue.  *See* Dkt. No. 17 at 13-14; 42 U.S.C. § 9622(f)(6)(B) (providing that litigative risks and ability to pay, *inter alia*, are factors to consider in including a covenant not to sue related to unknown conditions).  Second, the relevant natural resource trustees here−the Department of the Interior and the National Oceanic Atmospheric Administration−have both approved the consent decree, including the covenant not to sue.  Dkt. Nos. 23-24; 42 U.S.C. § 9622(j)(2) (providing that an agreement may contain a covenant not to sue for damages to natural resources if the federal natural resource trustee has agreed in writing to the covenant).  Third, Defendants here have agreed to "undertake appropriate actions necessary to protect and restore the natural resources damaged" by agreeing to provide $2.5 million plus interest specifically targeted to address such damage.  Dkt. No. 3-1 at ¶ 6; 42 U.S.C. § 9622(j)(2).  Finally, the Court notes that the covenant not to sue is conditioned upon the "satisfactory performance" by Defendants of their obligations under the consent decree.  Dkt. No. 3-1 at ¶ 17.

Accordingly, for these reasons, the motion to enter consent decree, Dkt. No. 17, is GRANTED.   The Clerk is instructed to enter the consent decree after entry of this Order and then close this case.

IT IS SO ORDERED.

DATED: February 11, 2022 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*United States of America v. Kaanapali Land LLC, et al*; Civ No. 21-00190 DKW-RT; ORDER GRANTING MOTION TO ENTER CONSENT DECREE